THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Clerk, U.S. District Court
Southern District of Texas
FILED

AUG 2 2 2016

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| Jason Scogin, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | CA No.: _____ |
| v. | § § | Collective Action |
| Pipe Pros, LLC, Gary Edwards and Mando Valdez | § § | Jury Demanded |
| Defendants. | § § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Jason Scogin ("**Plaintiff**") brings this Fair Labor Standards Act suit against Pipe Pros, LLC, ("**Pipe Pros**") Gary Edwards ("**Edwards**") and Mando Valdez ("**Valdez**") (collectively "**Defendants**") and shows as follows:

**1. Nature of Suit.**

1.1. Plaintiff brings this suit for violations of Sections 7, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("**FLSA**" or the "**Act**"), 29 U.S.C. §§ 207, 215(a)(2), and 215(a)(5), and to recover unpaid overtime compensation owed under the FLSA to present and former employees of Defendants, together with an equal amount as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c).

1.2. Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and 28 U.S.C. §§ 1331 (federal question).

1.3. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred

and Defendant Pipe Pros maintains its principal place of business in Corpus Christi, Nueces County, Texas.

1.4. Plaintiff is an individual who resides in Harlingen, Texas. Plaintiff worked for Pipe Pros within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. Plaintiff's consent to be a party plaintiff form is being filed with the Court as Exhibit B.

1.5. The Potential Class Members are those current and former Operators (Floorhands, Stabbers, Tong Operators, Tripper Operators, Laydown Operators, Torque Turn Technicians and Torque Turn Operators) who work (or worked) for Defendant Pipe Pros in the past three years and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

1.6. Pipe Pros is a Texas limited liability company, having its principal place of business in Corpus Christi, Nueces County, Texas. Defendant Pipe Pros may be served through its registered agent for service, Robert Horton, 100 Crescent Court, Suite 800, Dallas, Texas 75201.

1.7. At all relevant times, Pipe Pros is and has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in relation to Plaintiff and other employees who worked for Pipe Pros during the relevant time period but who are unknown to Plaintiff at this time.

1.8. Edwards, an individual, resides within the jurisdiction of this Court and is the owner and principal of Pipe Pros. At all relevant times, Edwards acted directly or indirectly

in the interest of Pipe Pros in relation to its employees, including hiring and firing employees, exercising day-to-day authority and control over the terms and conditions of employment, and exercising control over Pipe Pros' business. Edwards had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Edwards had operational control of significant aspects of the Pipe Pros' day-to-day functions and independently exercised control over the work situation. Edwards had direct involvement in the day-to-day operation of Pipe Pros and had some direct responsibility for the supervision of the employees. Edwards set works schedules and made work assignments. As such, Edwards is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Pipe Pro's employees.

1.9. Valdez, an individual, resides within the jurisdiction of this Court and is the owner and principal of Pipe Pros. At all relevant times, Valdez acted directly or indirectly in the interest of Pipe Pros in relation to its employees, including hiring and firing employees, exercising day-to-day authority and control over the terms and conditions of employment, and exercising control over Pipe Pros' business. Valdez had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Valdez s had operational control of significant aspects of the Pipe Pros' day-to-day functions and independently exercised control

over the work situation. Valdez had direct involvement in the day-to-day operation of Pipe Pros and had some direct responsibility for the supervision of the employees. Valdez set works schedules and made work assignments. As such, Valdez is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Pipe Pro's employees.

1.10. At all relevant times, Pipe Pros has employed employees engaged in commerce or in the production of goods for commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Pipe Pros provides tubing and casing services for drilling rigs and in doing so operates equipment that is produced outside of Texas and/or the United States and thus shipped in interstate commerce.

1.11. At all relevant times, Pipe Pros has been an "enterprise," as defined in FLSA Section 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

1.12. At all relevant times, Pipe Pros has been engaged in the operation of an enterprise whose annual gross volume of sales made or business done was not less than $500,000.00. As such, Pipe Pros is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(s), 29 U.S.C. § 203(s).

## 2. Factual Allegations

2.1. Plaintiff was employed by Defendant Pipe Pros from approximately October 2014 through November 2014 at its Corpus Christi, Texas and Midland, Texas locations.

2.2. Plaintiff was employed as a torque turn operator.

2.3. Plaintiff was paid a fixed salary plus an hourly non-discretionary job bonus for time worked at a well-site/drilling location.

2.4. Plaintiff also received a quarterly non-discretionary "safety" bonus in the amount of $500.00. Upon information and belief, Plaintiff and the Potential Class Members received the quarterly safety bonuses on a regular (quarterly) basis.

2.5. Plaintiff and the Potential Class Members work long hours. Specifically, these individuals regularly worked (and continue to work) more than 12 hours in a day, and more than 80 hours in a week. Plaintiff worked more than 40 hours a week each week he was employed by Pipe Pros.

2.6. Upon information and belief, the non-discretionary bonuses paid to Plaintiff and the Potential Class Members were meant to encourage and motivate Plaintiff and the Potential Class Members to work harder (and safer) and to reward them for their hard (and safe) work.

2.7. Upon information and belief, the non-discretionary bonuses were based upon a pre-determined formula established by Pipe Pros. Moreover, specific criteria had to be met in order to receive the job bonuses.

2.8. When Plaintiff and the Potential Class Members met the criteria, they were entitled to receive the job bonuses.

2.9. Upon information and belief, Plaintiff and the Potential Class Members received these non-discretionary bonuses on a regular and frequent basis.

2.10. Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Potential Class Members' regular rates of pay before any and all overtime multipliers were applied.

2.11. Not only did Defendant Pipe Pros fail to include these non-discretionary job bonuses in their employees' regular rates of pay before applying any and all overtime multipliers, Defendant Pipe Pros did not pay any overtime at all for work in excess of forty (40) hours per week.

3. **Cause of Action**

3.1. Defendants have willfully and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than forty hours.

3.2. Defendants have willfully violated, and continue to violate, Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve accurate records of hours worked by employees.

4. **Collective Action Allegations**

   4.1. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

   4.2. Other similarly situated employees have been victimized by Pipe Pros' patterns, practices, and policies, which are in willful violation of the FLSA.

   4.3. The Potential Class Members are "Floorhands, Stabbers, Tong Operators, Tripper Operators, Laydown Operators, Torque Turn Technicians and Torque Turn Operators employed by Pipe Pros at any time from the three years preceding the filing of this lawsuit to the present, and were paid a salary plus an hourly job rate but no overtime ("the Potential Class Members").

   4.4. Pipe Pros' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Potential Class Members.

   4.5. Thus, Plaintiff's experiences are typical of the experiences of the Potential Class Members.

   4.6. The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

   4.7. All of the Potential Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

4.8. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Potential Class Members are blue-collar oilfield workers entitled to overtime after 40 hours in a week.

4.9. Pipe Pros employed a substantial number of operators in the United States during the past three years. These workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, operators may work in different states across the country in the course of a given year.

4.10. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries

4.11. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

4.12. Accordingly, the class of similarly situated plaintiffs should be defined as:

**"All Floorhands, Stabbers, Tong Operators, Tripper Operators, Laydown Operators, Torque Turn Technicians and Torque Turn Operators employed by Pipe Pros at any time from the three years preceding the filing of this lawsuit to the present."**

## 5. Demand for Jury

5.1. Plaintiff demands a jury trial on all matter so triable.

## 6. Prayer.

6.1. Wherefore, Plaintiff, individually and on behalf of the Class Members, respectfully requests that this Court grant the following relief for the time period beginning three years prior to the date of the filing of this suit and continuing to the date of trial:

6.1.1. Designation of this action as a collective action on behalf of the Plaintiff and Class Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals, appraising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to participate in the suit pursuant to 29 U.S.C. §216(b);

6.1.2. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

6.1.3. An order for injunctive relief ordering Pipe Pros to end all of the illegal wage practices alleged herein pursuant to the FLSA and related laws and regulations;

6.1.4. A finding that Defendants' actions are willful under the FLSA;

6.1.5. An award of unpaid wages for overtime compensation due under the FLSA and continuing until the time of trial;

6.1.6. An award of liquidated damages as a result of the Defendants' failure to pay minimum wages and overtime compensation pursuant to the FLSA and continuing until the time of trial;

6.1.7. An award of prejudgment and post judgment interest;

6.1.8. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

6.1.9. Incentive awards for the lead Plaintiff(s);

6.1.10. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

6.1.11. Equitably tolling of the statute of limitations for the Class Members effective the date of the filing of this Complaint; and

6.1.12. Such other and further relief as this Court deems just and proper.

Respectfully submitted:

By: ___/s/ *Chris R. Miltenberger*___
      Chris R. Miltenberger
      Texas State Bar Number 14171200
      Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

# Exhibit A

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jason Scogin

**DEFENDANTS**
Pipe Pros, LLC,
Gary Edwards and
Mando Valdez

**(b)** County of Residence of First Listed Plaintiff: Cameron, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Chris R. Miltenberger, PLLC, Chris R. Miltenberger, 1340 N. White Chapel, Suite 100, Southlake, TX 76092 817-416-5060

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 215

Brief description of cause:
Recovery of overtime wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 25,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: NELVA GONZALES RAMOS
DOCKET NUMBER: CASE NO: 2:15-CV-00065

DATE: 08/19/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Chris R. Miltenberger

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# Exhibit B

## NOTICE OF CONSENT

I consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from **Pipe Pros LLC, Gary Edwards and Mando Valdez** and/or any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: 8/11/2016 | 9:59 AM CDT

Signature: *J.L.S.* (DocuSigned by: 3063D5EF61C1486)

Jason Scogin

Jason Scogin